UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GERALD DARUIS SMITH,

                    Plaintiff,

v.

CHRISTERPHER SCHMALING, BRADLEY FRIEND, and PRESTON K. KITE,

                    Defendants.

Case No. 20-CV-1720-JPS

**ORDER**

On November 16, 2020, Plaintiff Gerald Daruis Smith, an inmate confined at Racine County Jail ("RCJ"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his rights under the Fourteenth Amendment. (Docket #1). The Court screened the complaint, determined that Plaintiff failed to state a claim, and ordered Plaintiff to submit an amended complaint by October 29, 2021. (Docket #12). On October 19, 2021, Plaintiff submitted an amended complaint. (Docket #14). This Order screens Plaintiff's amended complaint.

1. **SCREENING THE COMPLAINT**

    1.1    **Federal Screening Standard**

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Plaintiff's Allegations

On November 14, 2019, while he was a pretrial detainee at RCJ, Plaintiff was beaten by a fellow inmate. (Docket #14 at 2–3). Just before the attack, Plaintiff was being held in Dayroom 2 at RCJ. (*Id.*) According to Plaintiff, Officer Kite "knowingly or unknowingly" failed to ensure that the doors separating Dayroom 1 and Dayroom 2 were locked and secured. (*Id.*)

Thus, another inmate was able to enter Dayroom 2 and beat up Plaintiff. (*Id.*) Plaintiff suffered multiple physical injuries, including a busted lip and a slash across his chest, as well as psychological ramifications like post traumatic stress disorder. (*Id.*) Plaintiff states that Officer Kite was the only person controlling and monitoring Dayrooms 1–4 and that he was the only person who would have been able to know which inmates were in each room. (*Id.*) Plaintiff alleges that Officer Kite made statements in his incident report maintaining that the beating occurred because of a computer malfunction. Plaintiff characterizes Officer Kite's actions as those of "negligence," and he similarly states that all of Defendants' actions "[were] done based on negligence." (*Id.*)

### 1.3 Analysis

As Plaintiff was a pretrial detainee at the time of the alleged events, his claim arises under the Fourteenth Amendment. *See Miranda v. County of Lake*, 900 F.3d 335, 350–51 (7th Cir. 2018) (explaining that an objective reasonableness standard applies to claims brought by pretrial detainees while a deliberate indifference standard applies to claims brought by prisoners). To state a claim as a pretrial detainee under the Fourteenth Amendment, a plaintiff must allege that the defendant's conduct was objectively unreasonable. *Id.* at 351 (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). Objective reasonableness is determined from the perspective of a reasonable person at the time of the alleged violation. *Kingsley*, 576 U.S. at 397.

The Fourteenth Amendment "impose[s] upon prison officials a duty to protect inmates from violent assaults at the hands of fellow prisoners." *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008) (noting that both the Eighth and Fourteenth Amendments offer this protection). In the Seventh

Circuit, for a pretrial detainee to allege a failure-to-protect claim, "[he] doesn't need to prove defendants' deliberate indifference to the risk of harm. He needs only to show that they acted objectively unreasonably." Still though, while there is no subjective component to such a claim, there still exists "the need to consider the facts known to the defendants at the time they made decisions, or the state of mind with which they performed certain actions." *Id.*

Throughout his amended complaint, Plaintiff describes Defendants' conduct as "negligent." (Docket #14 at 2–3). "The courts of appeals that have applied *Kingsley* to detainees' claims in contexts other than excessive force have . . . continu[ed] to recognize that it will not be enough to show negligence or gross negligence." *Miranda*, 900 F.3d at 353 (citing *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) ("Thus, the plaintiff must prove more than negligence but less than subjective intent—something akin to reckless disregard.") (internal quotations and citations omitted)). The Seventh Circuit has followed suit. *Id.*

Certainly, the Court will not hold it against this pro se Plaintiff if he merely used the word "negligent" without realizing its implication as a legal term of art. But Plaintiff's substantive factual allegations also add up to only negligence. He states that Officer Kite "knowingly or unknowingly" failed to ensure that the doors separating Dayroom 1 and Dayroom 2 were locked. He does not include allegations that prison officials had any warning, prior to the events underlying Plaintiff's amended complaint, that the computer system was malfunctioning. There is nothing in Plaintiff's amended complaint to suggest that any of the defendants acted objectively unreasonably. Further, in its first screening order, the Court warned Plaintiff that "[i]t is not enough to show that the defendants acted with

negligence or even gross negligence." (Docket #12 at 4) (citations omitted). Plaintiff has failed to state a claim.

## 2. CONCLUSION

Plaintiff has failed to state a claim upon which relief may be granted in his amended complaint. The Court will dismiss this action without a second chance to amend.

Accordingly,

**IT IS ORDERED** that this case be and same is hereby **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the amended complaint fails to state a claim; and

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of February, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he

must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id*.

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.